IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHRIS ISAACSON,<br><br>  Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security Administration,<br><br>  Defendant. | Case No. 2:10-cv-581-SA<br><br><br><br>**MEMORANDUM DECISION AND ORDER** |

  Before the Court is an action filed by Plaintiff, Chris Isaacson, asking the Court to reverse the final agency decision denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 1381-1383f. The Administrative Law Judge ("ALJ") found that Plaintiff was capable of performing work as a clean-up worker, janitor, and laundry worker - work that existed in significant numbers in the national economy. Plaintiff challenges the ALJ's decision by arguing that it is not supported by substantial evidence and that it is based on significant legal errors.

  The Court reviews the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether correct legal standards were applied. *See*

*Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (citation omitted), and "requires more than a scintilla but less than a preponderance," *Lax*, 489 F.3d at 1084. The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Court may neither reweigh the evidence nor substitute its judgment for that of the agency. *See Lax*, 489 F.3d at 1084.

Having carefully reviewed and considered the ALJ's decision, the record, and the parties' pleadings, the Court affirms the ALJ's decision. The Court concludes that the ALJ's decision is not legally erroneous and is supported by substantial evidence.

## BACKGROUND

On January 23, 2008, Plaintiff applied for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f (Doc. 7, the certified copy of the transcript of the entire record of the administrative proceedings relating to Chris Isaacson (hereafter "Tr. __") 11). Plaintiff initially alleged a disability onset date of August 10, 2007, which he later amended to January 23, 2008 (Tr. 11). After his application was denied initially on June 19, 2008 (Tr. 64), and upon reconsideration on January 2, 2009 (Tr. 71), Plaintiff requested a hearing before an ALJ (Tr. 74). The ALJ hearing was

2

held on June 8, 2009 (Tr. 22-58). The ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Act from January 23, 2008, through August 21, 2009, the date of the ALJ's decision (Tr. 12-21). Plaintiff requested review of the ALJ's decision (Tr. 7). In a May 25, 2010 letter, the Appeals Council denied Plaintiff's request for review (Tr. 1-4), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. § 404.981.

After receiving the Appeals Council's May 25, 2010 letter, Plaintiff submitted a complaint to this Court on June 25, 2010, which was ultimately filed on July 14, 2010, and the case was assigned to United States District Judge Tena Campbell (Docs. 1-3). On July 28, 2010, the parties consented to United States Magistrate Judge jurisdiction, pursuant to 28 U.S.C. § 636(c), and the case was reassigned to United States Magistrate Judge Samuel Alba (Doc. 5).

Plaintiff filed his brief on October 30, 2010 (Doc. 11).[1] The Commissioner filed his brief on December 10, 2010 (Doc. 14). Plaintiff filed his reply brief on January 4, 2011 (Doc. 15).

On January 18, 2011, Plaintiff filed a motion to supplement the record (Doc. 16). On January 27, 2011, the Commissioner filed his response to that motion (Doc. 18).

---

[1] Plaintiff filed an amended brief on November 13, 2010 (Doc. 12); however, because that amended brief was untimely and filed without leave of the Court, that brief was stricken (Doc. 13).

3

**ANALYSIS**

The Court first addresses Plaintiff's motion to supplement the record. The Court then analyzes each of Plaintiff's arguments challenging the ALJ's decision denying him SSI benefits.

**I. Motion to Supplement the Record**

Plaintiff seeks to supplement the administrative record with a Social Security Administration Abbreviated DIB Review Sheet, showing that he was awarded disability benefits as a child. The Court denies this motion because the Commissioner has not moved for a sentence six remand and the Plaintiff has not met the standard for a sentence six remand.

Under 42 U.S.C. § 405(g), courts have jurisdiction to review a Social Security Agency ("the agency") decision denying disability benefits. Section 405(g) provides the sole basis of courts' - including this court's - jurisdiction over those matters.

On appeal, the evidence is limited to the transcript of the record prepared and certified by the agency. *See* 42 U.S.C. § 405(g). Based on this certified record, and pursuant to sentence four of Section 405(g), a court may affirm, reverse, or modify the agency's decision. *See id.* The court may consider additional evidence only in limited circumstances. Sentence six of this section provides that, if there is "new evidence which is material and that there is good cause for the failure to

4

incorporate such evidence into the record in a prior proceeding," the court may remand the case to the agency for consideration of this new evidence upon the Commissioner's motion. *Id.* In ordering a sentence six remand, the court does not address the merits of the agency's decision itself. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). After the sentence six remand occurs, the agency assesses the new evidence, makes findings of fact, and issues a decision that is then subject to the court's review. *See* 42 U.S.C. § 405(g). In assessing whether new evidence is material, a district court should determine if the agency's decision "might reasonably be different if that evidence were presented." *Cagle v. Califano*, 638 F.2d 219, 221 (10th Cir. 1981).

Plaintiff, not the Commissioner, has requested that the record be supplemented. Further, a motion for a sentence six remand has not been filed; nevertheless, even were Plaintiff to file such a motion, the Court concludes that Plaintiff has failed to show that the DIB Review Sheet is "material" evidence in that it might reasonably change the agency's decision.

When a child who was entitled to SSI disability benefits attains eighteen years of age, the agency must redetermine whether he is disabled under the adult standards. *See* 42 U.S.C. § 1382c(a)(3)(H)(iii); 20 C.F.R. § 416.987. The agency must not apply any presumption of continuing disability; instead, the

agency must determine whether the claimant meets the adult standard of disability. *See id.*

In this case, Plaintiff's DIB Review Sheet shows that he received child benefits in 1994; however, the DIB Review Sheet is merely evidence of the agency's prior decision regarding eligibility for child benefits. The DIB Review Sheet is not relevant evidence in the ALJ's decision regarding Plaintiff's eligibility for benefits as an adult. As set forth in Section II below, the Court concludes that substantial evidence supports the ALJ's decision that Plaintiff did not meet the adult standard of disability, including the adult listing for mental retardation.

Plaintiff's assertion that IQ remains constant throughout life as an argument for supplementing the record with the DIB Review Sheet is unpersuasive. As discussed in more detail in Section II below, besides a low IQ score, a claimant must also meet Listing 12.05's other criteria, including showing deficits in adaptive functioning, to meet the requirements of the listing for mental retardation. The new document does not support that Plaintiff met the requisite deficits in adaptive functioning.

Another argument Plaintiff makes for supplementing the administrative record with the DIB Review Sheet is that because he met the child listing for mental retardation, he must meet the adult listing for mental retardation, *see* Doc. 11, at 9-10; however, as set forth by the Commissioner in his response to Plaintiff's motion, the document Plaintiff seeks to add to the

6

record shows that, in fact, Plaintiff was not found disabled on the basis that he met the listing for mental retardation, but instead was found disabled as a child under less-stringent "individualized functional assessment" ("IFA") regulations (Doc. 18, at 4-6).[2] Thus, because the DIB Review Sheet is not material evidence in this case, this court concludes that the DIB Review Sheet does not meet the requirement that the ALJ's decision

---

[2] As the Commissioner explains, beginning in 1991, the agency evaluated child disability applications using an IFA. (Doc. 18, at 4 (citing Interim Final Rules with Request for Comments, 62 Fed. Reg. 6408 (Feb. 11, 1997)). If a child did not meet a listing at step three of the sequential evaluation process, these IFA regulations provided that a child would be disabled if he showed at least "moderate" limitations in three areas of functioning. *Id.* In 1996, Congress passed amendments to the Act, which made the definition of childhood disability more stringent. *Id.* (discussing the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub. L. 104-193, 110 Stat. 2105). The agency then abolished the IFA regulations and determined that if a child did not meet a listed impairment, he had to show at least "marked" limitations in order to be found disabled. *Id.*

The Commissioner explains that Plaintiff received benefits in 1994, under the less-stringent IFA regulations. On page two of the DIB Review Sheet it gives a "Basis Code for Decision" regarding Plaintiff's receipt of child benefits in 1994 of "A67," and a redacted phrase follows, of which the last portion "(IFA)" is legible. *Id.* The Commissioner explains that the code A67 and the reference to the IFA show that the agency found Plaintiff did not meet the listing for mental retardation; instead, the agency continued with the evaluation process and found that Plaintiff demonstrated at least "moderate" limitations as required under the IFA regulations (Doc. 18, Attachment (portion of agency instructional manual)). Thus, as the Commissioner argues, it is particularly unpersuasive for Plaintiff to now suggest that the DIB Review Sheet is relevant evidence that he meets or equals the listing for mental retardation when Plaintiff was not found disabled based on his meeting the mental retardation listing. Instead, Plaintiff was found disabled as a child under less-stringent IFA regulations.

7

"might reasonably be different if that evidence were presented." *Cagle*, 638 F.2d at 221.[3]

As a result, the Court concludes that remand under sentence six is not appropriate because a motion for a sentence six remand has not been filed, and even were the Commissioner to file such a motion, Plaintiff has not shown that the DIB Review Sheet is material evidence. Consequently, Plaintiff's motion to supplement the record with the DIB Review Sheet is denied.

## II. Plaintiff's Arguments on Appeal

Plaintiff challenges the ALJ's decision in three main ways. First, Plaintiff challenges the ALJ's failure to find that Plaintiff's mental impairments satisfied Listing 12.05. Second, Plaintiff challenges the ALJ's residual functional capacity ("RFC") assessment. Third, Plaintiff challenges the ALJ's credibility analysis.

### A. Listing 12.05

First, Plaintiff challenges the ALJ's failure to find that Plaintiff's mental impairments satisfied Listing 12.05(c), concerning mental retardation.

At step three, the ALJ determines whether any medically severe impairment, alone or in combination with the other impairments, meets or is equivalent to any of a number of listed impairments that are so severe as to preclude substantial gainful

---

[3] One could even argue that the DIB Review Sheet actually undermines Plaintiff's claim.

activity. *See* 20 C.F.R. § 416.925 & pt. 404, subpt. P, app. 1; *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). The claimant has the burden to present evidence establishing that his impairments meet or equal a listed impairment. *See Fischer-Ross*, 431 F.3d at 733. To meet a listing, a claimant must show that his impairment "satisfies all of the criteria of that listing, including any relevant criteria in the introduction, and meets the duration requirement." 20 C.F.R. § 416.925(c)(3). To equal a listing, a claimant must show medical findings of "equal medical significance" to the required criteria. 20 C.F.R. § 416.926(b)(1)(ii).

To meet Listing 12.05(c) concerning mental retardation, a claimant must first meet the "capsule definition" (a/k/a, "diagnostic description") of Listing 12.05, which describes mental retardation as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. pt. 404, subpt. P, app. 1, Listing 12.05; *see Wall v. Astrue*, 561 F.3d 1048, 1062 (10th Cir. 2009) (holding that claimant must meet this "capsule definition" to satisfy Listing 12.05); *Lax*, 489 F.3d at 1085 (same); *see also* 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00B ("We will find that you have a listed impairment if the diagnostic description in the introductory

paragraph [of Listing 12.05] and the criteria of both paragraphs A and B . . . of the listed impairment are satisfied.").

The Court has carefully reviewed the ALJ's entire decision and concludes that substantial evidence was set forth in that decision supporting that Plaintiff does not meet or equal the requirements of Listing 12.05(c). At step two of his decision, the ALJ discussed the evidence relevant to mental retardation and Listing 12.05(c), and his findings make clear that he considered and rejected the notion that Plaintiff was mentally retarded under that Listing. *See Fischer-Ross*, 431 F.3d at 733 (holding that "an ALJ's findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment"). The ALJ explained that although Plaintiff was diagnosed with mild mental retardation in 1994 when he was 15 years old, in May 2008, Dr. Ririe, a consultative psychologist, examined, tested, and administered IQ testing to Plaintiff, and diagnosed Plaintiff with borderline intellectual functioning. The ALJ noted that Dr. Ririe reached this diagnosis despite Plaintiff's low IQ scores because Plaintiff's adaptive functioning showed that he had good independent living skills and was able to take care of his personal needs reasonably well. The ALJ explained he agreed with Dr. Ririe's diagnosis because the treatment records show multiple times that Plaintiff was able to seek and secure gainful work activity, which was inconsistent

10

with a diagnosis of mild mental retardation. (Tr. 13-14.) Thus, the ALJ found that Plaintiff's impairments did not meet the requirements of the "capsule definition" of Listing 12.05. As set forth by the Commissioner in his brief, the record supports the ALJ's characterization of the record. (Doc. 14, at 15-16; Tr. 13-24 301, 302, 314-24.)

Furthermore, the record does not show that Plaintiff satisfied Listing 112.05D as a child; this includes that neither Plaintiff nor his counsel asserted at the administrative hearing that Plaintiff met Listing 112.05D as a child.

In any event, as explained already in Section I above, even if Plaintiff could show that he satisfied the child's listing, that would not establish that he satisfied Listing 12.05 as an adult. As explained in Section I, when a child who was entitled to SSI disability benefits attains eighteen years of age, the agency must redetermine whether he is disabled under the adult standards. *See* 42 U.S.C. § 1382c(a)(3)(H)(iii); 20 C.F.R. § 416.987. The Act and regulations specify that, in such a redetermination, the agency must not apply the rules for cessation of benefits or apply any presumption of continuing disability. *See id.* Instead, the agency must determine anew whether the claimant meets the adult standard of disability. *See id.* Thus, Plaintiff's contention that he must be found disabled under Listing 12.05 because he met Listing 112.05D as a child is

11

contrary to law.[4] *See also* 20 C.F.R. § 416.987(a)(2) ("We may find that you are not now disabled even though we previously found that you were disabled.") The relevant question before the ALJ was whether Plaintiff proved that he was disabled under the adult standards, regardless of whether he might have been disabled as a child.

As mentioned above, the Court "'will not reweigh the evidence or substitute [its] judgment for the Commissioner's' . . . [and] may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the [C]ourt would justifiably have made a different choice had the matter been before it de novo.'" *Lax*, 489 F.3d at 1084 (citations omitted). Despite how sympathetic the Court may be to Plaintiff's condition, and despite that some evidence may exist that supports that Plaintiff may meet the listing requirements, the Court must simply examine whether the ALJ's decision is supported by substantial evidence. Having carefully considered the parties' memoranda and the complete record in this matter, the Court concludes that the ALJ's finding that Plaintiff's impairments did not meet the requirements of a listing is supported by such relevant evidence as a reasonable mind might accept as adequate to support the ALJ's conclusion. Because the ALJ's decision is

---

[4]Furthermore, as discussed in Section I, it appears that Plaintiff did not meet the requirements of the mental retardation listing as a child.

12

supported by substantial evidence, and because Plaintiff has not shown that the decision is not free of reversible legal error, that decision is affirmed. *See Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) ("A finding of 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" (citations omitted)); *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

## B. RFC Assessment

Second, Plaintiff challenges the ALJ's RFC assessment. Having reviewed all of Plaintiff's arguments challenging the ALJ's RFC assessment, the ALJ's decision, and the record, the Court rejects Plaintiff's arguments and instead concludes that the ALJ's RFC assessment is supported by substantial evidence and free of reversible legal error.

First, as the Commissioner explains in his brief, the ALJ's RFC assessment is not required to match the DOT. (Doc. 14, at 19-21.) RFC assessments must be based on all relevant evidence in the record, not only the medical evidence, *see* 20 C.F.R. § 416.945(a); SSR 96-5p, 1996 WL 374183, at *5; thus, a claimant's RFC is based on the evidentiary record of his abilities. A publication of job descriptions, such as the DOT, has no necessary bearing on the functional capacity possessed by any particular claimant. As a result, although the ALJ may refer to outside sources such as the DOT to describe what the ALJ intends

13

by the expressed limitations, it is immaterial whether the ALJ's assessment of Plaintiff's functional capacity is consistent with the DOT.

As the Commissioner explains in his brief, the ALJ's reference to the DOT informed and gave context to the ALJ's earlier finding that Plaintiff could carry out only "simple work instructions." (Doc. 14, at 20.) Further, unlike in *Hackett v. Barnhart*, 395 F.3d 1168 (10th Cir. 2005), cited by Plaintiff, in this case Plaintiff does not allege an inconsistency between the ALJ's step five finding and the ALJ's RFC assessment. Also as explained by the Commissioner, no conflict exists between the vocational expert's testimony and the DOT; in fact, the occupations identified by the expert, and adopted by the ALJ, all had reasoning levels of 1, and the fact that those occupations had DOT SVP levels of 2 was consistent with the ALJ's finding that Plaintiff was limited to relatively simple work. (Doc. 14, at 21; Tr. 55.)

Contrary to Plaintiff's contention, substantial evidence supports the ALJ's finding that Plaintiff's anxiety and bipolar disorder were well controlled with medication. The treatment notes in the record consistently demonstrated that Plaintiff was functioning well on medication in 2008 and that he did not report side effects. (Tr. 289, 291, 293, 335, 337, 339-42, 372-78, 380.) Dr. Ririe found that Plaintiff was functioning well and did not appear to be struggling with bipolar disorder while

abstinent from illicit drugs. (Tr. 297-302.) After reviewing these medical records, Dr. Gill found that Plaintiff could do non-complex work tasts. (Tr. 329, 312.) These medical records and opinions were consistent with the ALJ's decision. No medical professional ever opined that Plaintiff, as an adult, had significant functional limitations while abstaining from drug abuse.

Finally, to the extent the ALJ included limitations to his RFC assessment, such as essentially no working with the general public, and the limitations to specific DOT GED reasoning levels, such inclusions were beneficial to Plaintiff and certainly did not prejudice Plaintiff or constitute reversible error. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (holding that the principle of harmless error applies to Social Security disability cases); *St. Anthony v. U.S. Dep't of Health & Human Servs.*, 309 F.3d 680, 691 (10th Cir. 2002) ("[T]he party challenging the action below bears the burden of establishing that the error prejudiced the party."); *see also Shinseki v. Sanders*, 129 S. Ct. 1696, 1706 (2009) (recognizing that "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination").

Thus, based on the Court's review of the ALJ's decision and the record, the Court rejects Plaintiff's RFC arguments and concludes that substantial evidence supports the ALJ's RFC assessment.

15

## C. Credibility Assessment

Finally, Plaintiff also challenges the ALJ's credibility assessment. The ALJ found

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Tr. 17.)

The ALJ is "'optimally positioned to observe and assess witness credibility.'" *Adams v. Chater*, 93 F.3d 712, 715 (10th Cir. 1996) (quoting *Casias v. Sec'y of Health and Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991)). In other words:

> The opportunity to observe the demeanor of a witness, evaluating what is said in the light of how it is said, and considering how it fits with the rest of the evidence gathered before the person who is conducting the hearing, is invaluable, and should not be discarded lightly.
> Therefore, special deference is traditionally afforded a trier of fact who makes a credibility finding.

*Williams v. Bowen*, 844 F.2d 748, 755 (10th Cir. 1988) (citations omitted); *see also Lax*, 489 F.3d at 1089 (because the ALJ is in the best position to observe the demeanor of witnesses, the ALJ's credibility findings deserve special deference).

In this case, the ALJ gave multiple reasons for declining to credit all of Plaintiff's subjective allegations. The ALJ

16

explicitly mentioned the relevant law, including 20 C.F.R. § 416.929 and SSR 96-7p (Tr. 16), and analyzed Plaintiff's daily activities and the treatment he received (Tr. 16-18). Contrary to Plaintiff's suggestion, it was entirely appropriate for the ALJ to consider Plaintiff's daily activities. *See, e.g.*, 20 C.F.R. § 416.929(c)(3)(I); *Bean v. Chater*, 77 F.3d 1210, 1213 (10th Cir. 1995) (upholding ALJ's credibility finding where claimant described her daily activities as including cooking, dusting, doing laundry, grocery shopping, driving, and watching television). The ALJ also considered Plaintiff's work activity before and after his alleged onset date (Tr. 18.) *See* 20 C.F.R. § 416.971 ("Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did."); 20 C.F.R. § 416.929(c)(3) (in assessing credibility, ALJ may consider claimant's prior work record).

In addition, the ALJ considered the fact that the objective medical evidence, as well as Plaintiff's reports to his medical providers, contradicted his testimony about extreme functional limitations (Tr. 17-18). *See, e.g., Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988) (in evaluating credibility, the ALJ may consider the consistency or compatibility of nonmedical testimony with objective medical evidence, the nature of daily activities, and the frequency of medical contacts and extensiveness of attempts to obtain relief); *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2002) (same). Although Plaintiff

disputes the weight that should be given to some of these facts (Doc. 11, at 18-19), this analysis was committed to the ALJ's judgment.  In other words, it was the ALJ's province to weigh the evidence because the ALJ was "'optimally positioned to observe and assess witness credibility.'" *Adams*, 93 F.3d at 715 (10th Cir. 1996) (citations omitted).  Hence, regardless of whether Plaintiff or this Court would have arrived at the same conclusion, the ALJ's articulated reasons are sufficient to uphold the ALJ's credibility finding because they are supported by substantial evidence.  *See Shubargo v. Barnhart*, 161 F. App'x 748, 753 (10th Cir. 2005) ("Our job as a reviewing court . . . is to determine whether the ALJ's credibility determination is sufficiently detailed and supported by substantial evidence.  The fact that he may have missed, ignored, or misunderstood certain evidence that might support [the claimant's] claims of disabling pain does not mandate reversal as long as, on the whole record, substantial evidence supports his credibility determination.") (unpublished) (citing *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004)).  Accordingly, Plaintiff's challenge to the ALJ's credibility finding fails.

**ORDER**

The Commissioner has not filed a motion for a sentence six remand, and, even were the Commissioner to file such a motion, the Court concludes that Plaintiff has failed to show that the DIB Review Sheet is "material" evidence in that it might reasonably change the agency's decision. Thus, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Supplement the Record (Doc. 16) is **DENIED.**

In addition, based on the above analysis, **IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED** because it is supported by substantial evidence and is free of reversible legal error.

DATED this 11th day of July, 2011.

BY THE COURT:

_____
Samuel Alba
United States Magistrate Judge